UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
RUTHIE MICHELLE SWANSON,       )
                               )
            Plaintiff,         )
                               )
    v.                         )    Civil Action No. 16-2343 (ABJ)
                               )
HOWARD UNIVERSITY,             )
                               )
            Defendant.         )
                               )

## MEMORANDUM OPINION

On August 10, 2016, plaintiff Ruthie Michelle Swanson, proceeding *pro se*, initiated an action against Howard University, Inc. ("Howard") and Prudential Insurance Company of America ("Prudential") in the Superior Court for the District of Columbia. *Swanson I*, Def. Prudential's Notice of Removal [No. 1:16-cv-01863, Dkt. # 1] ("*Swanson I* Notice") ¶ 1; Ex. to *Swanson I* Notice [Dkt. # 1-1] ("*Swanson I* Compl.") at 4. After defendant removed the lawsuit to this Court, plaintiff moved to remand it twice. *See Swanson I*, Mot. to Remand [Dkt. # 8]; *id.*, Second Mot. to Remand [Dkt. # 12]. Plaintiff's motions were denied because the case involved claims arising under federal law and was therefore properly before the Court, *Swanson I*, Order Denying Mot. to Remand [Dkt. # 11]; *id.*, Min. Order Denying Mot. to Remand (Oct. 5, 2016), and eventually the case was dismissed. *Id.*, Order [Dkt. # 13].

On October 3, 2016, plaintiff filed another lawsuit against Howard, alleging that it "illegally remanded [her] case from the Superior Court to the U.S. District Court" in an effort to "delay [her] court date." Notice of Removal [No. 1:16-cv-02343, Dkt. # 2] ("Def.'s Notice") ¶ 1;

Ex. A to Def.'s Notice [Dkt. # 2-1] ("Compl.").[1] Defendant removed the second case to this Court on diversity grounds under 28 U.S.C. § 1332(a) on December 16, 2016. Def.'s Notice ¶¶ 1–4, 8.[2]

Now, defendant has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint merely seeks to "challenge, yet again, the removal of earlier litigation," an "issue that has already been heard twice, and denied by this Court," and that the complaint is "simply indiscernible" and fails to state a claim. Def. Howard's Mot. to Dismiss [Dkt. # 8] ("Def.'s Mot."); Mem. of P. & A. in Supp. of Def.'s Mot. [Dkt. # 8] ("Def.'s Mem.") at 5–6. Plaintiff opposed the motion on February 1, 2017. Opp. to Mot. to Dismiss [Dkt. # 10] ("Pl.'s Opp.").

Because plaintiff has failed to state a claim upon which relief can be granted, the Court will grant defendant's motion to dismiss.

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations

---

[1] The Court construes plaintiff's complaint liberally and assumes that plaintiff used the word "remanded" in her complaint when she actually meant "removed." *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of *pro se* complaint to "less stringent standards than formal pleadings drafted by lawyers").

[2] Both the "diversity" and "amount in controversy" requirements have been met. Plaintiff is a citizen of the state of Georgia, defendant Howard is incorporated under the laws of the District of Columbia and operates its principal place of business in the District of Columbia, and plaintiff seeks damages in the amount of $10,000,000. Def.'s Notice ¶¶ 5–13.

2

contained in a complaint is inapplicable to legal conclusions." 556 U.S. at 678. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

Where the action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014), citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines*, 404 U.S. at 520–21.

**ANALYSIS**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. Here, plaintiff's complaint reads as follows:

> Howard University illegally remanded my case from the Superior Court to the U.S. District Court illegally. Howard University is trying to delay my court date which is Nov. 15, 2016. I had to leave my home in Atlanta, GA, and travel 14 hrs. back to D.C. to arrange my case be put back to the Superior Ct.

Compl.

Although the Court is mindful that complaints filed by *pro se* litigants must be held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines*, 404 U.S. at 520, plaintiff does not identify any legal basis for her complaint. *See* Compl. Thus, plaintiff's complaint lacks the necessary "statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

Even if one generously assumes that it was plaintiff's intent to allege some sort of abuse of process claim, *see* Def.'s Notice ¶ 5; Pl.'s Opp. at 2, she has also failed to state a claim upon which relief can be granted. Abuse of process occurs in the District of Columbia when there is "a perversion of the judicial process and achievement of some end not anticipated in the regular prosecution of the charge." *Whelan v. Abell*, 953 F.2d 663, 670 (D.C. Cir. 1992), citing *Morowitz v. Marvel*, 423 A.2d 196, 198 (D.C. 1980). "There are two essential elements to an abuse of process claim: '(1) the existence of an ulterior motive; and (2) an *act* in the use of process other than such as would be proper in the regular prosecution of the charge.'" *Houlahan v. World Wide*

*Ass'n of Specialty Programs & Schs.*, 677 F. Supp. 2d 195, 199 (D.D.C. 2010), quoting *Hall v. Hollywood Credit Clothing Co.*, 147 A.2d 866, 868 (D.C. 1959).

Plaintiff fails to allege any facts relevant to either of the elements to an abuse of process claim and offers only conclusory assertions. Although plaintiff claims that defendant removed her case to the district court "to delay [her] court date," Compl., she does not provide any facts to support such a conclusion, since the Notice of Removal was filed at the appropriation juncture in the case. *See Swanson I*, Notice. Moreover, even if such a conclusory assertion could allege an ulterior motive behind the removal, plaintiff's abuse of process claim "cannot survive in view of the fact that in availing [itself] of the judicial process [defendant] sought only such relief as the system legitimately offered." *Kopff v. World Research Grp., LLC*, 519 F. Supp. 2d 97, 99–100 (D.D.C. 2007); *see also Morowitz*, 423 A.2d at 198 ("The critical concern in abuse of process cases is whether process was used to accomplish an end unintended by law . . . ."); Restatement (Second) of Torts § 682 cmt. b (1977) ("[T]here is no action for abuse of process when the process is used for the purpose for which is was intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant.").

Here, there is no allegation that defendant sought a "collateral thing which [plaintiff] could not legally and regularly be compelled to do." *Scott v. District of Columbia*, 101 F.3d 748, 755 (D.C. Cir. 1996) (concluding that the elements were not established when plaintiff did not contend that the filing of criminal charges was intended to pressure him into taking any action or prevent him from taking action), quoting *Bown v. Hamilton*, 601 A.2d 1074, 1079 (D.C. 1992).

Defendant invoked the rules governing federal jurisdiction for their intended purpose. Moreover, even if the removal of a case to district court could occasion some delay in order to, for example, give plaintiff time to file a motion to remand, or for the defendant to answer if it has not

done so already, such a result is the "unhappy incident" of almost any removal. *See Kopff*, 519 F. Supp. 2d at 100 (observing that "inconvenience and harassment" are the "unhappy incident of almost any litigation and are an insufficient basis for an abuse of process [claim]"). And notwithstanding plaintiff's claim that the removal prompted her to travel to Washington, D.C. to attend to the matter, *see* Compl., that was not a legal requirement as there were no hearings scheduled in the matter, and plaintiff has not alleged that she was compelled to do anything other than what would normally be legally required of any plaintiff after a defendant removes a case.

## CONCLUSION

Because plaintiff has failed to state a claim upon which relief can be granted, the Court will grant defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: April 13, 2017